# In the United States Court of Federal Claims

No. 22-1880C
Filed: December 29, 2022
NOT FOR PUBLICATION

**BENJAMIN BOSTON,**

       *Plaintiff,*

v.

**UNITED STATES,**

       *Defendant.*

## MEMORANDUM OPINION AND ORDER

      The plaintiff, Benjamin Boston, proceeding *pro se*, filed this action on December 19, 2022. The plaintiff seeks injunctive relief and an award of the costs of the suit. The complaint was accompanied by a handwritten document labeled "'Memorandum of Law' 14th Amendment Substantive Due Process." The latter document will be considered an integral part of the complaint for the purpose of determining whether jurisdiction exists over the complaint. The plaintiff also filed an application for leave to proceed *in forma pauperis*. In that application, the plaintiff discloses that he is currently incarcerated in the DeKalb County, Georgia, jail.

      Although the plaintiff's submissions are not entirely clear, the complaint appears to be based on a claim that the plaintiff has on several occasions reported criminal frauds committed against him to the Federal Bureau of Investigation and the Department of Justice, but neither agency has investigated any of the alleged crimes reported to them by the plaintiff. Alleging the failure to investigate his complaints violates several constitutional provisions and statutes, the plaintiff seeks injunctive relief requiring the defendant to investigate his complaints. The plaintiff also appears to be seeking records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

      The plaintiff meets the standards to be allowed to proceed *in forma pauperis*, and his application to proceed *in forma pauperis* is granted.

      Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see*

*also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (a "court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case"), citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, the court does not become an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is: (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that a suit in the Court of Claims must be one brought for money judgments against the United States).

To invoke the limited jurisdiction of the Court of Federal Claims, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). This money-mandating source of law must be distinct from the Tucker Act itself. *Navajo Nation*, 556 U.S. at 290.

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint.  *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997).

The first clue to the jurisdictional problem with the complaint is that the plaintiff is not seeking monetary relief but only injunctive relief, plus the costs of the suit.  The complaint specifically requests an injunction.  Except in cases brought under 28 U.S.C. § 1491(b), commonly called "bid protests," however, the Court of Federal Claims has only very limited authority to award injunctive relief.  Any injunctive relief that may be awarded in cases that are not bid protests must be ancillary to an award of monetary relief.  *See Voge v. United States*, 844 F.2d 776, 781 (Fed. Cir. 1988).  The plaintiff has not filed a bid protest.  Therefore, to prevail on his claim for an injunction the plaintiff must demonstrate entitlement to monetary relief under the Tucker Act.

The various sources of law cited in the complaint and its accompanying memorandum cannot fairly be interpreted as mandating monetary compensation.  The plaintiff relies first on the "Crime Reporting Act of 1988," which the Court takes as the Uniform Federal Crime Reporting Act of 1988, codified at 34 U.S.C. § 41303.  Nothing in this law, prescribing how federal agencies provide information on criminal violations to the FBI, can be construed as money-mandating.  Neither can 5 U.S.C. § 534, the underlying statutory authorization to the Attorney General to collect such data.  The plaintiff also cites 5 U.S.C. § 515 and 15 U.S.C. § 1563, but nothing in those laws can be construed as money-mandating against the United States.

Plaintiff also references 42 U.S.C. §§ 1981 and 1985 and the Civil Rights Act of 1871, whose provisions appear at 42 U.S.C. § 1983.  Claims for violations of these basic civil rights laws are within the jurisdiction of the district courts, not the Court of Federal Claims.  *See, e.g., Lewis v. United States* 147 Fed. Cl. 189 (2020).

The plaintiff also cites to the FOIA, 5 U.S.C. § 552, as a predicate for relief.  Claims for violations of the FOIA are within the jurisdiction of the district courts, 5 U.S.C. § 552(a)(4)(B), and not the Court of Federal Claims.

The plaintiff also cites to various constitutional provisions to support his complaint.  The plaintiff cites the first amendment, the due process clause of the fifth amendment, the eighth amendment, and both the equal protection and due process clauses of the fourteenth amendment.  None of these provisions is money-mandating.  *See Cabral v. United States*, 317 F. App'x 979 (Fed. Cir. 2008), *cert. denied*, 555 U.S. 1213 (2009) (first amendment); *Collins v. United States*, 67 F.3d 284 (Fed. Cir. 1995) (due process clause of the fifth amendment); *Trafny v. United States*, 503 F.3d 1339 (Fed. Cir. 2007) (eighth amendment); *LeBlanc v. United States*, 50 F.3d 1025 (Fed. Cir. 1995) (equal protection and due process clauses of the fourteenth amendment).

The plaintiff has failed to cite any money-mandating source of potential relief as a predicate for his claim.  Because he has not shown an entitlement to monetary relief, any claim for injunctive relief ancillary to an award of damages must necessarily fail.  Accordingly, the plaintiff has failed to demonstrate that his complaint falls within the limited and specific jurisdiction of the Court of Federal Claims.

The plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** One page of the plaintiff's submission includes the plaintiff's Social Security number. Accordingly, the Clerk is **DIRECTED** to place the entire complaint (ECF 1) under seal.

Because no possible construction of the plaintiff's complaint supports jurisdiction in the Court of Federal Claims, the complaint must be **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and RCFC 12(h)(3). The Clerk of Court is **DIRECTED** to enter judgment accordingly. No costs are awarded.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**